UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
CIVIL DIVISION

LISA M. YAGER,                                           }
                                    Plaintiff,           }         Civil Action, File No.
                    v                                    }
                                                         }
SELIP & STYLIANOU, LLP,                                  }
MITCHELL SELIP, MITCHELL G. SLAMOWITZ,                   }
AND DAVID A. COHEN,                                      }
                                    Defendants.          }

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Lisa M. Yager [hereinafter "Yager"], complains of Selip & Stylianou, LLP [hereinafter "Selip & Stylianou"], Mitchell Selip (hereinafter "Selip"), Mitchell G. Slamowitz (hereinafter "Slamowitz") and David A. Cohen (hereinafter "Cohen"), collectively, individually and in any combination known as Defendants, and shows the court the following:

1.  This court has jurisdiction of this case pursuant to section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d).  This court also has jurisdiction of this case pursuant to 28 USCS § 1331.

2.  Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

3.  Venue in this district is proper based on Plaintiff's location; Defendants' regular transaction of business within this district; and Defendants having derived substantial revenue from services rendered in this district.

4.  Venue in this district also is proper in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

5.  Yager is a natural person who currently resides at 181 N Autumn Drive, Rochester, NY

1

14626.

6. Yager is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Selip & Stylianou is a limited liability partnership with a principal place of business located at 199 Crossways Park Drive, Woodbury, NY  11797.  Prior to January 1, 2015 and at all times mentioned in this Complaint, Selip & Stylianou was known as Cohen & Slamowitz, LLP.  Any reference in this Complaint to Selip & Stylianou also shall be deemed a reference to Selip & Stylianou when it was known as Cohen & Slamowitz, LLP.

8. The principal purpose of Selip & Stylianou is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9. Selip & Stylianou is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. Selip is an attorney and individual with a principal place of business located at Selip & Stylianou.

11. Selip is a partner of Selip & Stylianou, controls and/or supervises the debt collection activities of Selip & Stylianou, and controlled and/or supervised the debt collection activities of Selip & Stylianou when it was known as Cohen & Slamowitz, LLP.

12. Selip is a debt collector as defined by the FDCPA.

13. Selip is accordingly liable for the acts of Selip & Stylianou.

14. Slamowitz is an attorney and individual with a principal place of business located at Selip & Stylianou.

15. Slamowitz is an owner of Selip & Stylianou, had an ownership interest, directly or indirectly in Cohen & Slamowitz, LLP, held himself out as a partner of Selip & Stylianou when it was known as Cohen & Slamowitz, LLP, holds himself out as a partner of Selip & Stylianou, controlled and/or supervised the debt collection activities of Selip & Stylianou when it was known as Cohen & Slamowitz, LLP, and/or controls and/or supervises the debt collection activities of Selip & Stylianou.

16. Slamowitz is a debt collector as defined by the FDCPA.

17. Slamowitz is accordingly liable for the acts of Selip & Stylianou.

18. Cohen is an attorney and individual with a principal place of business located at Selip & Stylianou.

19. Cohen is an owner of Selip & Stylianou, had an ownership interest, directly or indirectly in Cohen & Slamowitz, LLP, held himself out as a partner of Selip & Stylianou when it was known as Cohen & Slamowitz, LLP, holds himself out as a partner of Selip & Stylianou, controlled and/or supervised the debt collection activities of Selip & Stylianou when it was known as Cohen & Slamowitz, LLP, and/or controls and/or supervises the debt collection activities of Selip & Stylianou.

20. Cohen is a debt collector as defined by the FDCPA.

21. Cohen is accordingly liable for the acts of Selip & Stylianou.

22. On August 1, 2014, Selip & Stylianou commenced a consumer collections lawsuit against Yager on behalf of TD Bank USA, N.A. as Successor In Interest to Target National Bank in a case in the City Court of the City of Rochester, County of Monroe under Index No. CV-008415-14/RO ("State Action").

23. Yager timely filed and served an Answer to the Complaint in the State Action, and as

3

part of her Answer raised an Affirmative Defense of improper venue per New York City Court Act § 213.

24. On or about October 22, 2014, Selip & Stylianou filed a summary judgment motion in the State Action.

25. On or about November 10, 2014 the State Action was settled via a written stipulation. There never was any judgment in the State Action.

26. At the time of the commencement of the State Action, Sam resided at 181 N Autumn Drive, Rochester, NY 14626; and upon information and belief, in line with the industry practice and to avoid an FDCPA violation resulting from serving a consumer at their place of business and possibly improperly conveying information about the lawsuit to a third-party in violation of the FDCPA, Selip & Stylianou determined which court to commence the lawsuit based on Yager's residence address of 181 N Autumn Drive, Rochester, NY 14626.

27. City Court Act § 213. Section 213 of the City Court Act provides as follows:

"§ 213. Residence or business within city.
(a)    In an action described in § 202, either a plaintiff or a defendant must:
1.    be a  resident  of the city or of a town contiguous to such city, provided that such town is
(i) within the same county, and
(ii) contiguous to the city by land, and
(iii) not within either Nassau or Westchester counties; or
2.    have a regular employment within the city; or
3.    have a place for the regular transaction  of  business within the city.
(b)    A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city.
(c)    The requirements of subdivision (a) shall not apply:
1.    in an action described in § 404 (a), relative to a

> cause of action arising within the city; or
>
> 2.   in an action described in § 405, relative to actions in rem or quasi in rem; or
>
> 3.   in an action wherein service of summons is made pursuant to § 407, relative to service upon an attorney or clerk as agent of his client; or
>
> 4.   to a counterclaim, cross-claim, third-party claim, interpleader claim, or claim asserted by or against a party who has intervened in the action.
>
> (d)   The requirements of this section shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they shall be deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading as prescribed in § 1002 of this act. Notwithstanding waiver by the parties, the court may, on its own initiative at any time, dismiss an action which does not satisfy the requirements of this section. Any dismissal under this section shall entitle the parties to the benefit of CPLR § 205, relating to an extension of time to commence a new action.

28. Sam at the time of the commencement of the State Action did not reside in the boundaries of the city where the City Court of Rochester is located or in a city contiguous to a city where the City Court of the City of Rochester is located.

29. Although irrelevant to the below mentioned cause of action, at the time of the commencement of the State Action, Sam did not have a regular employment within the city of Rochester and did not have a place for the regular transaction of business within the city of Rochester.

30. 15 USC 1692i provides as follows:

> **(a) Venue**
>
> Any debt collector who brings any legal action on a debt against any consumer shall—
>
> **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> **(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
>
> > **(A)** in which such consumer signed the contract sued upon; or

> **(B)** in which such consumer resides at the commencement of the action.
>
> **(b) Authorization of actions**
>
> Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors."

31. There is no signed contract in a consumer credit card collection lawsuit such as the State Action; and a debt collector violates 15 USC 1692i if it does not bring an action to collect on the credit card debt "in the judicial district or similar legal entity in which such consumer resides at the commencement of the action".  15 USC 1692i(a)(2)(B); and <u>Hess v. Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011).

32. In New York state city courts such as the one in the State Action, the term "judicial district" as set forth in 15 USC 1692i(a)(2) "extends no farther than the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto".  <u>Hess v. Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011).

33. Although City Court Act § 213 grants a city court jurisdiction if a defendant has a regular employment within the city where the city court is located or has a place for the regular transaction of business within the city where the city court is located, it is a violation of 15 USC 1692i if the legal action is brought by a debt collector against a consumer.

34. Despite prior court rulings and lawsuits against them, Defendants continue to sue consumers such as Plaintiff in an improper venue pursuant to both state and federal law and continue to misrepresent in complaints filed against consumers that their clients have a right to sue them in a venue based on the county in which the consumer resides.

6

## FIRST CAUSE OF ACTION

35. Yager repeats and realleges paragraphs 1-34 of this Complaint.

36. A consumer's failure or agreement not to exercise their rights under City Court Act § 213 does not amount to a waiver of the venue requirements of 15 USC 1692i.

37. Defendants violated 15 USC 1692i. by bringing the State Action against Yager in City Court of the City of Rochester on August 1, 2014.

## SECOND CAUSE OF ACTION

38. Yager repeats and realleges paragraphs 1-37 of this Complaint.

39. Despite Yager having raised in her Answer the Affirmative Defense of improper venue per New York City Court Act § 213, Defendants failed to conduct a meaningful review of the State Action after its receipt of the Answer, failed to discontinue the State Action based on it having been brought in an improper venue, and then continued to prosecute the State Action by filing a summary judgment motion which failed to address the aforementioned improper venue affirmative defense.

40. As a result of the above, Defendants violated 15 USC 1692e and 1692f.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

1.  Statutory damages of $1,000 and actual damages of Plaintiff in the amount of $2,000 based on the emotional distress of possibly having to travel to an improper venue as part of the defense of the State Action;

2.  Costs and attorneys' fees allowed as a result of this action;

3.  Any and all other relief deemed just and warranted by this court.

Dated:          January 2, 2015

/s/  Mitchell L. Pashkin                         /s/  Frank Borgese
Mitchell L. Pashkin (MP 9016)              Frank Borgese, Esq. (9307)
Attorney For Plaintiff                            Attorney For Plaintiff
775 Park Avenue, Suite 255                   Graham & Borgese, LLP
Huntington, NY  11743                          482 Delaware Avenue
(631) 629-7709                                      Buffalo, NY  14202
                                                           (716) 200-1520